UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN PACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:19-CV-501-PPS-MGG |
| ) | |
| TRENT MAST, ) | |
| ) | |
| Defendant. ) | |

# OPINION AND ORDER

Kevin Pack used to be a German teacher with the Middlebury Community School Corporation. In this diversity action, Pack (who now is a citizen of Nebraska) is suing Trent Mast, his former landlord (and an Indiana citizen) for state law claims of interference with business contracts and intentional infliction of emotional distress. Pack claims that Mast sent defamatory e-mails to his former employer that contributed to his termination. Mast has moved for summary judgment, arguing this case is barred by the 2-year statute of limitations because Pack became aware of the e-mails on June 24, 2017, and didn't file suit until June 27, 2019. However, Pack has submitted proof he didn't discover the e-mails at issue until June 27, 2017, making his June 27, 2019 lawsuit timely. Because there are questions of fact that preclude summary judgment, Mast's motion will be denied.

## Discussion

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a).  A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A statute of limitations defense may be raised in a motion for summary judgment.  *See Sidney Hillman Health Ctr. of Rochester v. Abbott Lab., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) ("As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record.").

The following are the undisputed material facts as set forth by the parties.  As I mentioned at the outset, Pack was a German teacher for the Middlebury Community School Corporation in 2013.  [Compl. ¶ 3.]  At that time, Pack was also renting an apartment from Mast, and they lived in the same building.  [*Id.* ¶ 4.]  Although it isn't entirely clear from the record, there was some kind of falling out between the two, and Mast wanted to terminate Pack's lease.  [*Id.*]  Mast failed to oust him, and Pack alleges that he waged a vendetta to get Pack fired from his teaching job.  [*Id.*]

Mast e-mailed the principal of the high school, Mr. Rasler, on several occasions during 2013 and 2014, and complained about Pack.  [DE 9.]  These e-mails included comments like Pack was "threatening, immature and unable to communicate properly with students." [DE 9 at 1.]  Ultimately, Pack was fired from his teaching job.

Pack then initiated a different lawsuit, *Kevin Pack v. Middlebury Community*

2

*Schools*, No. 3:15-cv-00028-PPS-MGG (N.D. Ind. 2015), which also happened to be before me. In that case, Pack brought claims under section 1983 and Title VII for wrongful termination, claiming he was improperly fired after the school learned he was an atheist and after he objected to certain practices of the school principal that allegedly promoted religious beliefs in a public school. Discovery was conducted during that litigation, and this is how Pack became aware of the e-mails Mast sent to the principal.

The complaint in this case alleges that "[t]he known examples of Mast's communications are contained in e-mail traffic to Principal Rasler, produced in discovery in termination-related litigation on June 24, 2017." [Compl. ¶ 7.] This case was filed on June 27, 2019. Mast argues that Pack's claims are therefore time-barred since the applicable statute of limitations is two years.

All parties agree that the applicable statute of limitations in this case is two years. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-99 (1941) (applying choice of law rules of the forum state in diversity cases); *1st Source Bank v. Village of Stevensville*, No. 3:11-cv-205-TLS, 2012 WL 2308647, at *3 (N.D. Ind. June 18, 2012) ("Indiana choice-of-law rules state that the statute of limitations of the forum state, Indiana, will apply."); Ind. Code § 34-11-2-4(a); *Graves v. Indiana Univ. Health*, 32 N.E.3d 1196, 1214 (Ind. Ct. App. 2015) (claims for tortious interference with a business contract fall under the two-year statute of limitations); *Todd v. Lake Cnty. Sheriff's Dep't*, No. 2:18-cv-314, 2013 WL 2156470, at *3 (N.D. Ind. May 17, 2013) (intentional infliction of emotional distress claims also fall under the two-year statute of limitations). The cause of action for a tort

3

claim accrues and the statute of limitations beings to run "when the plaintiff knew or, in the exercise of reasonable diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Wehlin v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992).

Mast points to the fact that the complaint alleges the discovery was produced on June 24, 2017, so he argues the case must have been filed late on June 27, 2019. But in response to the motion for summary judgment, Pack argues the letter sent by the school superintendent Ms. Allen containing the e-mails was dated June 24, 2017, but that does not prove when Pack received it. [DE 25 at 1.] Indeed, Pack attached the actual certified mail envelope, and the e-mails were sent by certified mail to Pack, postmark-stamped June 27, 2017. [DE 25-3 at 1.] June 27th is therefore the earliest possible date on which Pack received the e-mails.

Additionally, Pack's affidavit states he did not receive the defamatory statements in the e-mails "until after June 27, 2017, which the enclosed document, a picture of the envelope form the certified mail sent to me, attached as Exhibit A, shows as postmarked on the 27th." [Pack Aff., DE 25-2.] Pack's attorney attests that his office did not receive these e-mails — they were sent directly from the school corporation to Pack. [Ayers Aff., 25-4.] Pack's attorney also says in his affidavit that "[m]y information from Mr. Pack, is that he received said emails on June 28 or June 29, and then he then sent them on to me." [*Id.*]

Mast did not file a reply, and did not rebut any of this evidence. Therefore, I

4

have in front of me the certified envelope postmarked June 27, 2017, Pack's affidavit stating he did not receive the e-mails until after June 27th, and the attorney's affidavit stating Pack received the e-mails on June 28 or June 29, and then forwarded them to him.  Because this evidence is not questioned, and Mast did not put forth any contrary evidence, I must accept it as true for the purpose of this motion.  I cannot grant the motion for summary judgment on the basis that Pack's claims violate the statute of limitations, because he has put forth un-rebutted evidence that he received the e-mails on or after June 27, 2017.  Therefore, at the earliest, he knew about the cause of action on June 27, 2017.

## Conclusion

For the aforementioned reasons, the motion for summary judgment [DE 20] is DENIED.

SO ORDERED.

ENTERED: April 28, 2020.

        s/   Philip P. Simon
        PHILIP P. SIMON, JUDGE
        UNITED STATES DISTRICT COURT