**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| KEVIN PACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:19-CV-501-PPS-MGG |
| | ) | |
| TRENT MAST, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff, Kevin Pack, filed a motion titled "FRCP Rule 60 Motion for Relief from Judgment." [DE 41.]  Pack claims that my order granting summary judgment in favor of Defendant, Trent Mast [DE 39], "does not conform to the Indiana tort law." [DE 41 at 1.] I granted Mast's motion for summary judgment in a lengthy opinion and order dated February 5, 2021, and judgment was entered that date. [DE 39, 40.]  Pack filed this motion on March 5, 2021. [DE 41.]

Three days later, on March 8, 2021, Pack filed a notice of appeal of my opinion and order.[1] [DE 42.]  Then, on March 24, 2021, Pack filed a motion under Federal Rule of Appellate Procedure 42(b), asking the Seventh Circuit to grant his motion to voluntarily dismiss the appeal "to allow the Northern District of Indiana to complete its

---

[1] The appeal in this case was different than the one recently ruled upon by the Seventh Circuit in another case brought by the same plaintiff, *Pack v. Middlebury Community Schools*, No. 20-1912, 2021 WL 915911 (Mar. 10, 2021).  In that case, the Seventh Circuit repeated the School's phrasing that "the goal of this hoax was to coax the School into violating the settlement agreement" which occurred when Pack recruited two acquaintances to call the School pretending to be prospective employers to see what the School would say about him.  *Id.* at *8.

consideration of Plaintiff's T.R. 60 Motion filed in the Northern District of Indiana on March 5, 2021." [Case No. 21-1422, DE 5.]  The Seventh Circuit granted this motion, issuing an order and mandate on March 25, 2021, dismissing the appeal. [DE 48.]

The filing of a notice of appeal would typically "confer[] jurisdiction on the court of appeals and divest[] the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). But because Pack voluntarily dismissed the appeal, I now have jurisdiction to entertain the instant motion.

Although Pack titled his motion as one pursuant to Rule 60(b), there are really two ways for a court to analyze motions for reconsideration - under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (quotation marks and citation omitted).  This is not such a case.  Plaintiff has failed to set forth any mistake, inadvertence, surprise, or excusable neglect justifying relief from the order.  Fed. R. Civ. P. 60(b)(1); *see also Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008) ("[Plaintiff] based his motion for reconsideration on errors of law, a basis encompassed by Rule 59(e), not Rule 60(b).").

I really consider Pack's motion for reconsideration to be filed under Rule 59(e) "because it is a substantive motion for reconsideration of an appealable order filed within twenty-eight days of entry of that appealable order." *Grissom v. United States*, No. 4:19-cv-00232-TWP-DML, 2021 WL 325967, at * 1 n.1 (N.D. Ind. Feb. 1, 2021) (citing

2

*Obriecht*, 517 F.3d at 493).  Here, judgment was entered on February 5, 2021 [DE 40], and the instant motion was filed exactly 28 days later, on March 5, 2021.  Rule 59(e) has a slightly more liberal standard than Rule 60, requiring the moving party clearly establish a manifest error of law or an intervening change in the controlling law, or present newly discovered evidence.  *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998).  But of course a motion for reconsideration should not introduce new evidence that could have been presented earlier.  *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).  "Ultimately, a motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *McGrath v. Everest Nat'l Ins. Co.*, 668 F.Supp.2d 1085, 1110 (N.D. Ind. 2009) (quotation omitted).

Pack pleaded two causes of action in his complaint: tortious interference with contract and intentional infliction of emotional distress.  Then, in the middle of briefing the motion for summary judgment, he argued a claim for defamation under Indiana law.  Although I was skeptical of Pack's ability to argue a new theory in response to summary judgment, in an abundance of caution, I analyzed his claim for defamation, finding that it failed on the merits anyway. [DE 39 at 11-18.]

Although Pack did not question the admissibility of evidence during the summary judgment phase (but he certainly could have), he now claims that hearsay evidence was impermissibly relied upon by the Court.  [DE 41 at 1.]  Pack complains that I impermissibly relied upon things Mast's brother told him, statements a student

told him, and the inadmissible findings of the school board.  Recall that a defamation per se claim requires proof of four elements: (1) a communication with defamatory imputation; (2) malice; (3) publication; and (4) damages.  *Newman v. Jewish Cmty. Ctr. Ass'n of Indianapolis*, 875 N.E.2d 729, 735 (Ind. Ct. App. 2007).  Here, none of these statements were offered to prove the truth of the matter asserted.  *See* Fed. R. Evid. 801(c)(2).  Rather, this evidence went towards Mast's state of mind - did he believe the comments he wrote in the e-mails were true, or did he have the requisite "actual malice," acting with a high degree of awareness that the information was probably false?  I stand by my determination that Pack presented no evidence that Mast had serious doubts as to the truth of his e-mails, and the evidence that I did consider in ruling on the motion for summary judgment was proper to determine his state of mind.

Pack also argues that the Court incorrectly concluded that a teacher is a public figure.  [DE 41 at 4.]  This is not true - I specifically stated in the order that Mast was a *private* figure, but that the issue involved a matter of public or general concern since he was a public high school teacher and the statements Mast made about Pack could go towards his fitness to interact with children and be a teacher. [DE 39 at 13-14.]

<u>Conclusion</u>

For all of these reasons, the "FRCP Rule 60 Motion for Relief from Judgment" filed by Plaintiff, Kevin Pack [DE 41] is DENIED.

SO ORDERED.

ENTERED: April 1, 2021.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT